# SUPREME COURT.

The People of the State of New York *ex rel.* Margaretta
Weatherhead agt. Cornelius A. Waldron, surrogate,
&c., *et al.*

*Surrogate — jurisdiction, how and when acquired.*

The statute requires that before any surrogate shall take any proceedings
to try any issue raised upon the probate of a will, he shall cite all per-
sons interested to appear before him; but there is nothing in the statute
to indicate that after he has obtained jurisdiction by the service of a
citation upon *some* of the persons interested, that that jurisdiction shall
not continue until the proceedings are terminated.

The service of a citation upon one of the parties interested, gives to the
surrogate issuing it, if regularly issued, jurisdiction of the proceedings
until completed.

It is not necessary, in order that a surrogate should acquire jurisdiction to
try the question of *inhabitancy*, that citation should be issued and served
upon *all* the parties entitled to notice of the propounding of a will for
probate and proceedings had upon the return day of such citation.

The surrogate of the county whose citations were *first* issued and served
upon a proper application being made, acquires jurisdiction to try the
question of *inhabitancy.*

Where the will of deceased had been presented for probate to the surro-
gate of the county of New York, said surrogate by the issuance and
service of citation upon one of the interested parties having acquired
jurisdiction to try the question of the residence of deceased, afterward
a certain other paper purporting to be the last will and testament of
deceased was presented for probate to the surrogate of Saratoga county,
and thereupon the said surrogate issued citation to the heirs at law and
next of kin of deceased, and on the return day, upon objection being
made to his jurisdiction, on the ground, among others, that deceased
was at the time of his death a resident of the county of New York,
which objection was overruled by said surrogate, and he proceeded to
try the question of the residence of deceased; whereupon a writ of pro-
hibition was issued out of this court, prohibiting the surrogate of Sara

toga county from proceeding in the matter of the probate of said will. On demurrer to the return:

*Held*, that the return to the writ of prohibition was insufficient unless it contained a *positive* allegation that the deceased resided in Saratoga county at the time of his death.

*Special Term, November,* 1874.

*Albert Cardozo,* for plaintiff.

*Ira Shafer,* for defendant.

Van Brunt, *J.*—This is a demurrer to a return made by the surrogate of the county of Saratoga and Hilon L. Weatherhead to a writ of prohibition issued out of this court, upon the ground of the insufficiency of said return.

It appears from the said writ and the return thereto, that Edmund L. Weatherhead died on the 25th of April, 1874, leaving a certain paper writing, purporting to be his last will and testament, and in and by which the relator was named as one of the executors thereof. This will, the relator, claiming that the deceased was at or immediately previous to his decease a resident and inhabitant of the city and county of New York, presented for probate before the surrogate of said county, on the 8th day of May, 1874.

The said surrogate issued a citation to Hilon L. Weatherhead, returnable on the 26th day of May, 1874, which citation was duly served, and upon the return day thereof Hilon L. Weatherhead appeared before said surrogate and filed a notice of appearance and of an intention to oppose the probate of said will, and also filed an affidavit that there were persons who were entitled to notice of the probate of said will, who had not been cited to appear.

The surrogate thereupon adjourned the proceedings to the 24th of June, 1874, and issued a further citation returnable on said last mentioned day, for the purpose of bringing in such other persons.

After this time, the said Hilon L. Weatherhead presented for probate to the respondent, as surrogate of Saratoga county,

People ex rel. Weatherhead agt. Waldron.

a certain other paper writing purporting to be the last will and testament of said deceased, in which the said Hilon L. Weatherhead was named his executor.

That thereupon the said surrogate issued a citation to the heirs at law and next of kin, requiring them to attend the probate of said will on the 22d day of June, 1874, which citation was served upon each and all of the heirs at law and next of kin of the deceased.

That upon the return day of said citation, the relator, Margaretta Weatherhead, appeared by her proctor, and objected to the jurisdiction of the surrogate of Saratoga county, on the ground among others, that the said Edmund L. Weatherhead, was at the time of his decease a resident of the county of New York.

That the said surrogate overruled said objection, and proceeded to try the question of the residence of the deceased.

That the proponent having adduced his testimony, the proceedings were adjourned to the 8th day of July, 1874, to enable the relator to obtain and produce witnesses upon her behalf.

That on the 24th day of June, 1874, further proceedings were had before the surrogate of New York, before whom the said Hilon L. Weatherhead appeared, and it being shown that there was still a party who was entitled to notice and had not been served with a citation, the surrogate further adjourned the said proceedings to the 14th day of July, 1874.

On the 7th day of July, 1874, a writ of prohibition was issued out of this court, prohibiting the surrogate of Saratoga from proceeding in the matter of the probate of said will.

The surrogate of Saratoga county and the said Hilon L. Weatherhead, for a return to said writ of prohibition, set forth the proceedings herein before stated, as having taken place before him and that it appeared from the proceedings had before him, that the said Edmund L. Weatherhead, was a resident of the county of Saratoga, at or immediately previous to his death.

The objection to the sufficiency of this return is that it does not allege, as a fact, that Edmund L. Weatherhead resided in the county of Saratoga, at the time of his death.

It was not contended upon the argument of this demurrer, that such an allegation was necessary to make the return sufficient, unless the surrogate of the county of New York, had obtained jurisdiction to try the question of the residence of Edmund L. Weatherhead at the time of his death. And it seemed to be conceded that if he had acquired such jurisdiction, that such an allegation was requisite.

I am unable to agree with the position taken by the counsel for the respondent, that in order that a surrogate should acquire jurisdiction to try the question of inhabitancy that citation should be issued and served upon all the parties entitled to notice of the propounding of a will for probate, and proceedings had upon the return day of such citation.

I can see nothing in the requirements of the statute which would militate against, or is inconsistent with a construction of the statute, which would give to the surrogate of the county, whose citations were first issued and served, upon a proper application being made, jurisdiction to try the question of inhabitancy.

It is true that the statute requires that before any surrogate shall take any proceedings to try any issue raised upon the probate of a will, he shall cite all persons interested to appear before him; but there is nothing to indicate that after he has obtained jurisdiction by the service of a citation upon some of the persons interested, that that jurisdiction shall not continue until the proceedings are terminated.

In fact, if such was not the natural construction to be placed upon the provisions of the statute in respect to the probate of wills, it would seem to be necessary that such a construction should be adopted, unless plainly antagonistic to its requirements.

Upon a question as to whether one judicial tribunal or another had obtained jurisdiction to try a given question,

there should be no ground for uncertainty. And unless there is some good reason shown from the statute itself, all rules of construction would require that that interpretation should be given to it, which would make it designate the precise point at which jurisdiction commenced and ended.

If any other construction is adopted than that, the surrogate who has first issued his citation, which citation has been served upon at least one of the parties interested, should obtain jurisdiction, it is difficult to know when such jurisdiction would be obtained before the trial and submission of the question to the surrogate for decision.

The result of the last named construction would necessarily lead to confusion and conflicts between the surrogates of the various counties of this state, and they would be unable to tell when they had acquired exclusive jurisdiction of the matter to be submitted to them for decision.

I am of the opinion, therefore, that the construction of the statute that the service of a citation upon one of the parties interested, gives to the surrogate issuing it, if regularly issued, jurisdiction of the proceedings until completed, being most in accordance with the practice in all judicial proceedings, should be adopted as to the statute now under consideration, as there is nothing in that statute antagonistic to such a construction.

It follows, therefore, that the surrogate of the county of New York, by the issuance and service of the citation as above mentioned, obtained jurisdiction to decide the question of the inhabitancy of Edmund L. Weatherhead at the time of his death, and that the surrogate of Saratoga county had no right to attempt to try that question.

The return, therefore, to the writ of prohibition is insufficient unless it contains a positive allegation that the said Edmund L. Weatherhead resided in Saratoga county, at the time of his death.

The return now under consideration containing no such allegation, is insufficient, and the demurrer must be sustained.