In the Matter of the Estate of WILLARD B. DANIELS, Deceased.

Surrogate's Court, Bronx County, April 20, 1931.

*Jacob Kirschenbaum* [*John P. Cohalan* of counsel], for the petitioner.

\*William F. Delaney*, specially, for the respondent.

HENDERSON, S. The petition herein was verified April 2, 1931, and the affidavit of petitioner's attorney was verified April 6, 1931. Both were thereafter submitted to this court, and an order directing the respondents to appear for examination on April 15, 1931, and to produce any will of the decedent which they have or can produce was made and entered on April 8, 1931. The petition contained an allegation that the decedent died a resident of Bronx county.

The respondent, Elizabeth J. Daniels, appears specially herein for the purpose of vacating said order on the ground that this court is without jurisdiction in the premises. She denies that the decedent was a resident of Bronx county at the time of his death and alleges that he was then a resident of Richmond county.

It appears that on April 2, 1931, this respondent filed a petition for the probate of a will of decedent in the Surrogate's Court of the county of Richmond, in which petition, verified March 31, 1931, she alleges that " The said deceased was, at the time of his death, a resident of the County of Richmond." If that allegation is true, this court has no jurisdiction over the probate of his will or matters incidental thereto (Surr. Ct. Act, § 45). There is no allegation that a citation was ever issued or served in the probate proceeding in Richmond county. It does appear that the attorney for the present petitioner " duly filed notice of appearance " in

that proceeding on or before April 6, 1931, the date his affidavit is verified. The Surrogate's Court of Richmond county, therefore, obtained jurisdiction to determine the question of decedent's residence, and this court has no right to attempt to try that question while the earlier proceeding is pending. (*Matter of Buckley*, 41 Hun, 106; *People ex rel. Weatherhead* v. *Waldron*, 52 How. Pr. 221.) Ordinarily the present proceeding would have been adjourned until the determination of the question in the Richmond county proceeding. (*Matter of Gould*, 9 N. Y. Supp. 603; affd., 131 N. Y. 630.)

It appears, however, that before the date set for examination in this court, the paper propounded in Richmond county was duly proved and allowed by the surrogate of that county as the last will and testament of the decedent, and that letters testamentary thereunder were duly issued to said respondent from the Surrogate's Court of that county on April 13, 1931. These letters contain a recital that the decedent was an inhabitant of Richmond county.

The State has conferred general jurisdiction over the subject-matter in the probate of wills to the Surrogate's Court of each county (Surr. Ct. Act, § 40). Whether or not this jurisdiction may be exercised by the Surrogate's Court of a particular county depends upon the existence of certain jurisdictional facts, one of which is the residence of the decedent at the time of his death (Surr. Ct. Act, §§ 45, 46, 47). The question of residence should be passed upon by the surrogate to whom it is first presented. (*Matter of Buckley, supra; People ex rel. Weatherhead* v. *Waldron, supra.*) The surrogate of Richmond county must necessarily have determined that the decedent was not a resident of any county of this State, other than Richmond, before he admitted the will to probate. His decision thereon is judicial and conclusive in all collateral proceedings until reversed on appeal or vacated, and cannot be impeached in another court of original jurisdiction. (*Matter of Harvey*, 3 Redf. 214; *Roderigas* v. *East River Savings Institution*, 63 N. Y. 460, 464; 76 id. 316, 321; *Bolton* v. *Schriever*, 135 id. 65, 71 *et seq.*) I am, therefore, precluded from considering or hearing evidence upon that question.

The Surrogate's Court of Richmond county having thus duly exercised jurisdiction in a proceeding to probate decedent's will, and having issued letters testamentary therein, this court is excluded from exercising jurisdiction in the present proceeding, and all proceedings with respect to the decedent's estate must be taken in the Surrogate's Court of Richmond county. (*Matter of Maginn*, 215 App. Div. 790; Surr. Ct. Act, § 44.) The order of April 8, 1931, will, therefore, be vacated on the ground that this court has no jurisdiction in the matter.

Settle order accordingly.