In the Matter of the Estate of DORA FEINBERG, Deceased.

Surrogate's Court, New York County, May 1, 1935.

*Harold M. Sichel*, for the petitioner.

*Edgar Hirschberg*, for the State Tax Commission.

FOLEY, S. This is an application for letters of administration. The petition therefor was filed in this court on January 8, 1935. It alleges that the decedent at the time of her death was a resident of the State of New Jersey and that the sole asset of her estate was located in the county of New York. Citation was issued and service of the citation was effected upon one of the distributees on January 22, 1935. It appears that subsequent to this date an application for the probate of an alleged will of the decedent was filed in the Surrogate's Court of Kings county upon a petition alleging that the decedent was at the time of her death a resident of that county.

The allegations contained in the petition for letters of administration were sufficient in the first instance to confer jurisdiction upon the surrogate of New York county to entertain the proceeding. (Surr. Ct. Act, § 45.) Jurisdiction having once been duly exercised over the matter by this court, excludes the subsequent exercise of jurisdiction by the Surrogate's Court of Kings county over the same matter. (Surr. Ct. Act, § 44; *Matter of Buckley*, 41 Hun, 106; *Matter of Thorne*, 123 Misc. 621; *Matter of Daniels*, 140 id. 89; *Matter of Humpfner*, 146 id. 461; *Matter of Maginn*, 215 App. Div. 790.) The preliminary question, therefore, of the residence of the decedent at the time of her death must be determined by the surrogate of this county.

Supplemental citation should issue in this proceeding to all interested parties. Upon completion of service and after the return of the citation, the surrogate will set a date for the trial of the issue of residence. Any further disposition of the matter will be postponed until the determination of that question. Proceed accordingly.