In the Matter of the Estate of Edward Erald Mills, Deceased.

Surrogate's Court, Orange County, April 28, 1939.

*Jacob A. Decker,* for the proponent.

*Thomas A. Lavery,* for the objectant.

*Paseltiner & Gurdin* [*Solomon Paseltiner* of counsel], for Harold W. Mills, a legatee.

TAYLOR, S.  By petition of Harold W. Mills, a brother of the decedent, presented to the Surrogate's Court of Dutchess county, it was alleged that although this decedent died at West Point, in Orange county, he was a resident of the county of Dutchess and died without leaving a will, whereupon letters of administration were issued to the petitioner, a brother of decedent who claims to be the sole distributee.  Thereafter, upon petition of Alfred H. Mills, father of the decedent, the letters theretofore issued to the brother were revoked, and by reason of the objection on the part of Harold W. Mills to the appointment of the petitioner upon the later application, letters were issued to the county treasurer of Dutchess county.  In the father's petition it was also alleged that the decedent died in the county of Orange, but was a resident of the county of Dutchess.  The last petition recites the distributees to be the father and brother.

A will has since been presented to this court for probate, accompanied by a petition which alleges that the decedent, at the

time of his death, resided in Orange county, and upon the return of the citation objection was made to the jurisdiction upon the ground that since administration upon the same estate had been initiated in Dutchess county, this court was without jurisdiction to proceed with the probate.

The objectant relies upon section 44 of the Surrogate's Court Act, which provides that " jurisdiction, once duly exercised over *any matter* by a Surrogate's Court, excludes the subsequent exercise of jurisdiction by another Surrogate's Court over the same matter, and all its incidents * * *. Where * * * letters * * * of administration have been duly issued from * * * a Surrogate's Court having jurisdiction, all *further* proceedings to be taken in a Surrogate's Court, with respect to the same estate or matter, must be taken in the same court." (Italics mine.)

Diligent efforts of counsel and the surrogate's own research have discovered but two cases involving practically identical situations.

In *Matter of Gould* (9 N. Y. Supp. 603, rep. by mem. only in 56 Hun, 643; affd., 131 N. Y. 630) it appeared that an application was first made to the Surrogate's Court of the county of Wayne for letters of administration, and that on the following day application was made to the Surrogate's Court of Monroe county for the probate of decedent's will. There, it was argued that because of jurisdiction first having been assumed by the Wayne County Surrogate's Court, the estate of the decedent must be administered in that county. Answering this contention the court at General Term stated: " But the case before the surrogate of Wayne county rested solely for its consideration upon the allegation that the decedent died in that county, and left no will. There was no application before him to grant letters testamentary upon any supposed last will and testament. The jurisdiction of the surrogate * * * was limited to an inquiry whether the deceased was a resident of this county, and whether he died intestate. If it was shown before him, as it was subsequently, that the decedent left a last will and testament, the claim of the plaintiff for letters of administration must necessarily fail." And so it is here, the presentation of the will, assuming it to be a validly executed will (and nothing yet appears to the contrary), and its probate would necessarily cause the proceeding for administration to fail, and with the failure of the administration proceeding, even though it be for lack of one of the requisites to administration, the whole proceeding falls, including the determination of the decedent's residence.

On the other hand, Surrogate FOLEY in *Matter of Feinberg* (155 Misc. 844) reached a contrary conclusion.

Let us analyze section 44 of the Surrogate's Court Act. It provides, in substance, that jurisdiction once exercised over " any matter " excludes the subsequent exercise of jurisdiction by another Surrogate's Court over " the same matter," and that where letters of administration have been issued out of the Surrogate's Court having jurisdiction all " further proceedings " with respect to the same estate or matter shall be taken in the court issuing such letters. Is the probate of a will " the same matter " as the issuance of letters of administration? It would appear that they are " not the same matter," for in the one jurisdiction depends upon residence in the county (omitting from consideration other situations in which a Surrogate's Court might have jurisdiction) and the leaving of a valid will, while in the other jurisdiction depends upon residence and the absence of a will.

It is also to be noted that the statute provides that where jurisdiction has once been assumed " all further proceedings " are to be had in the same court. Is the probate of a will a " further proceeding " in connection with the issuance of letters of administration? For the reasons before assigned it would seem that it is not. " Further," as ordinarily used, means " additional " (*Matter of Andrus*, 156 Misc. 268, 283; *Hitchings* v. *Van Brunt*, 38 N. Y. 335, 338); it does not mean a new proceeding, but rather a continuation of an existing proceeding (*Raynolds* v. *Browning, King & Co.*, 123 Misc. 367, 373); it has reference to matters not fully covered by the original proceeding, but which are *ejusdem generis*. (*Beekman* v. *Third Avenue R. R. Co.*, 153 N. Y. 144, 159; *Landers* v. *Staten Island R. R. Co.*, 53 id. 450, 455.) Rather, do not " further proceedings " refer to tax proceedings, proceedings for the sale of decedent's real property, will construction, accounting, etc.?

A distinction should be noted in the cases relied upon to support the objections in that *Matter of Daniels* (140 Misc. 89); *Matter of Maginn* (215 App. Div. 790), and *Matter of Buckley* (41 Hun, 106) both proceedings in each case involved probates, and *Matter of Humpfner* (146 Misc. 461; affd., 240 App. Div. 745) involved application for administration.

Although the statute makes no reference to the doctrine of *res adjudicata*, the authorities indicate that where a Surrogate's Court has once determined the question of residence or domicile, the doctrine should apply. There is logic to that argument, but the difficulty here is that the same parties and the same matter are not involved. *Res adjudicata* is a defense only in those cases involving the same parties or their privies and the same subject-matter. (*Buffalo Porcelain Enameling Corp.* v. *London Assur. Corp.*, 229 App. Div. 377; *Haverhill* v. *International Railway Co.*,

217 id. 521; affd., 224 N. Y. 582; *Woodruff* v. *Claflin Co.*, 198 id. 470; *Stamp* v. *Franklin*, 144 id. 607; *United States Fire Ins. Co.* v. *Adirondack P. & L. Corp.*, 206 App. Div. 584; *Kahn* v. *Johnston,* 177 id. 383; *Dolbeer* v. *Stout*, 139 N. Y. 486.)

Practical difficulties suggest themselves were this court to hold that the proffered will must be submitted to Dutchess county for probate. It must be assumed that the proponent honestly believes the allegation in her petition for the probate of the will that the decedent died a resident of Orange county, and were she to present this petition and will to the Dutchess County Surrogate's Court, obviously her proceeding could not be even entertained. It would indeed be an anomaly for the proponent to present her petition to the Dutchess County Surrogate's Court containing the necessary jurisdictional allegations and then object to her own proceeding upon jurisdictional grounds. Could a distributee, disappointed in the provisions of a will, file a petition for and obtain administration in a county remotely removed from that of decedent's residence or domicile and thereby compel the probate of the will in his chosen county? The answer is obvious.

The objections so far as they set up the Dutchess county proceedings as a bar are dismissed. Counsel may serve notice of hearing for presentation of evidence upon the question of domicile.