## In the Matter of the Probate of the Will of Eleazer W. Edwards, Deceased.

Surrogate's Court, Broome County, May 8, 1946.

*Robert Anderson* and *Lawrence Sovik,* proponents, petitioners in person.

*Clayton R. Lusk* for Dorothy Edwards, mother and general guardian of Flora B. Edwards and another, infant beneficiaries, and another, respondents.

*Clarence L. Burton* and *J. Boyd Mullan* for Mary E. Rodormer and another, appearing specially.

McAvoy, Acting S. This is a proceeding for the probate of an instrument purporting to be the last will and testament of said Eleazer Wells Edwards, deceased. A petition for the probate of said instrument was filed in this court April 18, 1946, by Robert B. Anderson and Laurence Sovik, executors named therein, and alleges *inter alia,* that said decedent died April 12, 1946, a resident of the city of Binghamton, Broome County, New York, leaving a last will and testament dated March 9, 1946, and that his sole distributees were two sisters

and a brother. It also affirmatively appears from said petition that a proceeding for letters of administration upon the estate of said decedent had been instituted on April 16, 1946, in the Surrogate's Court of Onondaga County, New York, and was pending before the surrogate of that county. A citation was issued out of and under the seal of this court on said April 18, 1946, addressed to the distributees of said decedent, citing them to show cause in this court on April 29, 1946, why said instrument should not be admitted to probate as the last will and testament of said Eleazer Wells Edwards, deceased, and why letters testamentary should not be issued to the executors named therein. Proof of the due service of said citation upon two of the distributees and a waiver and appearance from the other distributee were duly filed in this court on April 29, 1946.

On said latter date, the proponents appeared herein in support of the probate of said instrument as the last will and testament of said decedent, and Mary E. Rodormer and Dorothy E. Slocum, distributees of said decedent appeared specially and objected to the jurisdiction of this court upon two grounds, viz. (1) that under the provisions of section 44 of the Surrogate's Court Act, this court was without jurisdiction by reason of the fact that a proceeding had first been instituted in the Surrogate's Court of Onondaga County, New York, for the issuance of letters of administration upon said estate and therefore the surrogate of that county should determine the question of whether or not the decedent was a resident of Onondaga County; and (2) that by reason of the fact that said Eleazer Wells Edwards was adjudicated an incompetent person by the Supreme Court of this State in the year 1935, and at the time of such adjudication was a resident of Onondaga County, New York, and since he had never thereafter been declared competent to manage his affairs, he could not as a matter of law change his residence from Onondaga County, New York.

In the solution of the first question presented herein, it is my opinion that the orderly administration of justice requires that the proceeding in this court be adjourned to enable the Surrogate of Onondaga County to determine whether he has jurisdiction of this estate, by reason of the fact that the proceeding for letters of administration was first instituted in that county. (Surrogate's Ct. Act, § 44; *In Re Gould*, 56 Hun 643, opinion in 9 N. Y. S. 603, affd. 131 N. Y. 630; *Matter of Feinberg*, 155 Misc. 844; *Matter of Buckley*, 41 Hun 106; *Matter of Daniels*, 140 Misc. 89; *Matter of Humpfner*, 146 Misc. 461,

462, affd. 240 App. Div. 745; *Matter of Manginn*, 215 App. Div. 790; 1 Bradford Butler on New York Surrogate Law and Practice, § 340.)

While there is one case holding to the contrary (*Matter of Mills*, 171 Misc. 42) the weight of authority seems to indicate that the foregoing is the better practice and procedure.

As to the second question here presented, it appears that in September of 1935 the deceased had been adjudicated incompetent to manage himself and his affairs in the Supreme Court of Onondaga County. That court by order dated September 28, 1935, appointed one James G. Tracy, of Syracuse, as committee of the person and estate of said deceased, upon his executing and filing in the office of the clerk of the court a bond in the penalty of $2,000, with two sureties to be approved by the court. This bond was never filed.

It is alleged in an affidavit submitted in support of the objections that the afore-mentioned order was not vacated. It is also alleged that the said Tracy had applied for such bond in the sum of $2,000 and that the same was actually issued by a surety company and premiums thereon paid for three years. The affidavit further alleges that the said Tracy did in fact act in certain matters pertaining to the estate of the alleged incompetent on at least two occasions between November, 1935, and January, 1938.

An affidavit submitted on behalf of the proponents alleges that the said James G. Tracy died on or about December 17, 1943, and that no successor committee was ever appointed for the deceased thereafter.

It does not appear to what extent the court or any alleged committee ever undertook to manage the estate or control the person of the deceased in recent years. It is not clear whether such management or control was actually necessary.

The law seems well settled that the adjudication under the inquisition in September, 1935, conclusively established the incompetency of the deceased at that time. However, this court is of the opinion, under the circumstances presented here, that such adjudication is not conclusive as to the fact of incompetency for all time thereafter, but is merely prima facie evidence thereof and proof may be offered to overcome that presumption. (*Martello* v. *Cagliostro*, 122 Misc. 306, 309; *Southern Tier Masonic Relief Ass'n.* v. *Laudenbach*, 5 N. Y. S. 901, 904–905.)

Therefore, it is my conclusion that the second question presented by the objections interposed herein cannot be deter-

mined as a matter of law alone. Consequently, if I am called upon to decide this question I shall allow proof to be offered to rebut the presumption of deceased's inability to change his residence by reason of the previous adjudication of incompetency.

An order may be entered in accordance with this decision.