Lawrence H. Cooke, S.
Decedent’s brother, pursuant to a petition filed herein on October 2, 1958, seeks the probate of an instrument dated May 9, 1952, said petitioner being named in the purported will as one of the executors thereof. The widow and daughter of decedent and one Benjamin Schneider appear specially and object to the jurisdiction of the Surrogate’s Court of Sullivan County.
It appears without question that letters of administration of the goods, chattels and credits which were of decedent were issued to the widow by the Surrogate’s Court of King’s County on March 27, 1958.
Section 44 of the Surrogate’s Court Act, among other things, provides that: “ Jurisdiction, once duly exercised over any matter by a surrogate’s court, excludes the subsequent exercise of jurisdiction by another surrogate’s court over the same matter, and all its incidents ”. Orderly and sound procedure requires that the within proceeding in this court be adjourned to enable the proponent of the propounded instrument to apply to the Surrogate of Kings County to vacate the letters of administration there issued on the grounds that decedent was not a resident of Kings County at the time of his death, that decedent did not die intestate and on such other and further grounds as he may see fit to advance. (See Matter of Kaufman, N. Y. L. J., Feb. 11, 1952, p. 575, col. 7; Matter of Bents, N. Y. L. J., Oct. 8, 1952, p. 748, col. 1, Rubenstein, S.; Matter of Edwards, 187 Misc. 139, 140-141; Matter of Gould, 56 Hun 643, opinion in 9 N. Y. S. 603, affd. 131 N. Y. 630; Matter of Humpfner, 146 Misc. 461, 462, affd. 240 App. Div. 745; Matter of Maginn, 215 App. Div. 790; 11 Carmody-Wait, New York Practice, pp. 61-62; 1 Jessup-Redfield, Surrogates Law and Practice, p. 199.) While contrary reasoning can be found in Matter of Mills (171 Mise. 42), the weight of authority indicates that the suggested course of action is the better practice and procedure (Matter of Edwards, supra). It might also be pointed out that it would appear that said application to vacate would not be barred on the principle of res judicata by virtue of the proceeding culminating in the decision of Surrogate Moss dated September 18, 1958 (Matter of Rosenberg, 15 Mise 2d 336) because apparently there were different issues involved. It would appear also that there would be different parties.
Submit order, on notice, providing that this proceeding be adjourned without date, the same to be restored by any appearing party on notice of three days after determination of the suggested application in Kings County.