OPINION OF THE COURT
Renee R. Roth, S.
This proceeding requires consideration of SCPA 205 (L 1984, ch 128, eff June 21, 1984) which substituted the flexible and waivable concept of venue for the inflexible and nonwaivable concept of subject matter jurisdiction in all proceedings brought in the Surrogates’ Courts of the State. As a result of this new statute, each Surrogate’s Court in every county now has State-wide subject matter jurisdiction subject only to the consideration of venue.
An issue of the proper venue has been raised in this proceeding.
For many years before her death, decedent Eve Margolin resided in New York County. On June 21, 1984, she was admitted to Montclair Nursing Home in Nassau County, where she died seven months later on January 31, 1985.
The issue of venue arises because proceedings have been commenced in both the Surrogate’s Court of Nassau County and the Surrogate’s Court of New York County.
On July 26, 1985, an instrument dated September 18, 1981 was offered for probate in Nassau County. Four days later, on *736 July 30, 1985, decedent’s sole distributees (two nieces) petitioned for letters of administration in this court. Needless to say, these petitioners contend that the instrument propounded in Nassau County is invalid. The basis for their contention is not relevant to this decision.
Prior to 1984, this court would have been confronted with a problem of subject matter jurisdiction. The then governing statute, SCPA 206, entitled "Exclusive jurisdiction” governed jurisdiction of the estates of both domiciliaries and nondomiciliaries of this State. Under SCPA former 206 (1) the Surrogate’s Court of each county had exclusive subject matter jurisdiction of the estates of its own domiciliaries. Thus, if a proceeding was brought in the Surrogate’s Court of County A and the decedent had been a domiciliary of County B, the court of County A could never acquire subject matter jurisdiction. Its decree was consequently always subject to collateral attack. Even before the decree was signed, the Surrogate of County A could not transfer the proceeding to County B. A new proceeding would have to be commenced ab initio in County B which sometimes resulted in drastic consequences (Matter of Johnson, 259 App Div 290, affd 284 NY 733; Bolton v Schriever, 135 NY 65; Matter of Coletti, 91 Misc 2d 7).
The problem was brought to the attention of the Law Revision Commission and the 1984 amendments are the result of its recommendations (see, 1984 Report of NY Law Rev Comm, NY Legis Doc No. 65 [E], 1984 McKinney’s Session Laws of NY, at 3018-3026). As noted, the new statute substituted the concept of venue for the previous concept of subject matter jurisdiction. The hew legislation also rearranged the applicable statutes so that SCPA 205 now governs the venue of the estates of New York domiciliaries; SCPA 206 governs the venue of the estates of nondomiciliaries of New York and SCPA 207 governs the venue of inter vivos trusts.
SCPA 205 now provides in relevant part that:
"1. The surrogate’s court of any county has jurisdiction over the estate of a decedent who was a domiciliary of the state at the time of his death, disappearance or internment. The proper venue for proceedings relating to such estates is the county of the decedent’s domicile at the time of his death * * *
"2. A surrogate shall transfer any proceeding to the surrogate’s court of the proper county either on his own motion or on the motion of any party.”
*737 Thus, since June 21, 1984, any Surrogate’s Court in the State has jurisdiction of the estate of every domiciliary of the State. However, venue lies with the Surrogate’s Court of the county of the decedent’s domicile. Since domicile is a waivable and nonjurisdictional concept, if a court mistakenly, without objection, exercises jurisdiction over the estate of a domiciliary of another county, its decree is not vulnerable to direct or collateral attack for lack of subject matter jurisdiction. The court is advised however under SCPA 205 (2) to transfer, on its own motion or upon motion of a party, the proceeding to the county of decedent’s domicile if it is apparent to the court that venue lies in another county or when such an issue is raised by a party.
In the proceeding before this court, decedent Eve Margolin was concededly a domiciliary of this State. The Surrogate’s Court of New York County thus has subject matter jurisdiction of her estate. Venue lies however in the county in which she was domiciled at the time of her death. Under the new SCPA 205, this court has both the right to hold a hearing to determine domicile and the statutory right to transfer the pending proceeding to Nassau County if it is established that decedent was domiciled there.
However, under the same statute, the Surrogate of Nassau County also has subject matter jurisdiction and the right to hold a hearing to determine venue. The question is which court shall hold such hearing.
The various new statutes do not address this problem. This also was true of the prior statutes. Several decisions nonetheless held that orderly administration dictated that such jurisdictional disputes should be determined by the court in which a proceeding concerning decedent’s estate was first commenced (Matter of Hurd, 17 Misc 2d 513; Matter of Rosenberg, 14 Misc 2d 933; Matter of Edwards, 187 Misc 139; Matter of Gould, 56 Hun 643, affd 131 NY 630; Matter of Humpfner, 146 Misc 461, affd 240 App Div 745; Matter of Daniels, 140 Misc 89; but cf Matter of Mills, 171 Misc 42).
This approach was consistent with SCPA former 205 which provided that: "Jurisdiction once duly exercised over any estate or matter by the court excludes the subsequent exercise of jurisdiction by another surrogate’s court over the same estate or matter * * * All further proceedings in the same estate or matter in a surrogate’s court must be taken in the same court.”
*738 This provision however was repealed in 1984 and its language was not continued in any of the new statutes. Although current SCPA 205 (2) directs that a Surrogate "shall transfer any proceeding to the surrogate’s court of the proper county”, as observed earlier, it leaves unresolved the question of which court is to hold the hearing to determine which county is the "proper county”.
Under such circumstances, this court will follow the procedure established in the past. The hearing to determine decedent’s domicile shall be held before the Surrogate of Nassau County, the court where a proceeding was first commenced. Upon his order, the court determined to have proper venue shall retain jurisdiction and the matter pending in the Surrogate’s Court of the other county shall be transferred to it (SCPA 205 [2]). All proceedings in New York County are stayed pending the decision by Surrogate Radigan of Nassau County.