■ In the Matter of the Estate of JOSEPHINE SIMONETTI, Deceased. CAROL SIMONETTI, Appellant; JOANNE LARSON, Respondent. [817 NYS2d 114]—

In a proceeding to probate the last will and testament of Josephine Simonetti, deceased, the petitioner, Carol Simonetti, appeals (1) from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated January 12, 2004, which granted the motion of the objectant, Joanne Larson, to designate the Circuit Court for Orange County, Florida, as the proper forum for a hearing to determine the decedent's domicile at the time of her death and (2) as limited by her brief, from so much of an order of the same court dated August 31, 2004, as, upon reargument, in effect, adhered to the original determination.

Ordered that the appeal from the order dated January 12, 2004 is dismissed, as that order was superseded by the order dated August 31, 2004 made upon reargument; and it is further

Ordered that the order dated August 31, 2004 is reversed insofar as appealed from, on the law, upon reargument, the order dated January 12, 2004 is vacated and the objectant's motion is denied, and the matter is remitted to the Surrogate's Court, Nassau County for a hearing to determine the decedent's domicile; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the objectant personally.

Following the death of Josephine Simonetti (hereinafter the decedent) in the State of Florida, a surviving relative, Joanne Larson (hereinafter the objectant), filed a petition in the Surrogate's Court, Nassau County, to open the decedent's safe deposit box located in Nassau County to determine if it contained a will and certain other documents. The safe deposit box did not contain a will. Accordingly, on August 21, 2002, alleging that the decedent was domiciled in Florida, the objectant filed a petition for letters of administration in the Circuit Court for Orange County, Florida, and to be appointed personal representative of the decedent's estate. Approximately one month later, the nominated co-executor under the decedent's will, Carol Simonetti (hereinafter the petitioner), commenced the instant proceeding in the Surrogate's Court, Nassau County, to probate the decedent's will, of which the objectant allegedly was not previously aware. According to this petition, the decedent was domiciled in New York. The objectant moved in the Surrogate's Court, Nassau County, to designate the Circuit Court for Orange County, Florida, as the proper forum for a hearing to determine the decedent's domicile at the time of her death.

Where domicile is contested, normally, the court that first obtained jurisdiction over the estate by the commencement of a proceeding will hold the domicile hearing (*see Matter of Margolin*, 129 Misc 2d 735, 738 [1985]). Subject matter jurisdiction in Surrogate's Court is exercised through the commencement of a proceeding by the filing of a petition, including a petition to open a safe deposit box (*see* Turano and Radigan, New York Estate Administration § 1.02 [c] [2006]). Since the New York proceeding to open the decedent's safe deposit box was commenced prior to the administration proceeding in the State of Florida, the Surrogate's Court incorrectly determined that principles of comity dictate that the hearing to determine the decedent's domicile should be held before the Florida Circuit Court. Under the circumstances of this case and upon our review of this record, we determine that the domicile hearing should be conducted in New York. Accordingly, upon reargument, the objectant's motion should have been denied and the

domicile hearing should be held before the Surrogate's Court, Nassau County.

In light of our determination, we need not consider the petitioner's remaining contentions. Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.