OPINION OF THE COURT
Frank R. Seddio, S.
In this contested probate proceeding, petitioner seeks a declaration that the proceeding was commenced on December 8, 2005, before the commencement of a probate proceeding in Arizona. Objectant seeks an order dismissing the probate proceeding on the grounds that this court lacks subject matter jurisdiction (CPLR 3211 [a] [2]) and that there is a prior proceeding pending in Arizona (CPLR 3211 [a] [4]).
The decedent died on December 4, 2005, survived by two grandchildren, Andy Ferguson and Kathleen Ferguson Scott. The decedent was born and raised in Brooklyn. For many years, the decedent and his wife lived in Florida, where his granddaughter lived. At some point, he and his wife moved to Phoenix, Arizona, where his grandson lived. They were living in Phoenix when the decedent’s wife died. The decedent remained in Phoenix until moving to New York in late September 2005.
While living in Phoenix, the decedent executed a will, dated April 2, 2004, which left his estate to the trustee of the Anthony De Maio revocable trust. On the same day, he executed a trust agreement creating a revocable inter vivos trust. Under the terms of the trust, the estate passes to Andy Ferguson upon the decedent’s death.
In 2005, the decedent called his sister, Gloria Argentina, and told her he wanted to return to Brooklyn to live with her. Ms. Argentina and her daughter visited the decedent on September 27, 2005. At that time, the decedent was 95 years old and suffering from cardiac problems. He asked his sister to take him back to Brooklyn to live with her.
According to Ms. Argentina, the decedent told her that he wanted to change his will, revocable trust and health care proxy before boarding the plane. On September 30, 2005, the day they were to travel to New York, he visited the offices of Shirley Wahl, Esq., of the law firm of Carson, Messinger, in Arizona and asked her to change the beneficiaries of the 2004 will and trust. The decedent executed a new will, an amendment of the 2004 trust and a health care proxy in Ms. Wahl’s office. The 2004 trust was amended to provide that, upon the decedent’s death, *192 his sister receives one half of the trust principal, his granddaughter receives three eighths of the trust principal and his grandson receives one eighth. The decedent then left immediately for the airport, without stopping to get his glasses, clothes or medicine. They traveled back to New York that day, September 30, 2005.
On the same day, Andy Ferguson filed an emergency petition for his appointment as conservator and guardian of the decedent. He alleged that the decedent had been taken from his house by church members on September 28, 2005. The proceeding was ex parte. Based upon Andy Ferguson’s testimony, the Arizona court granted Andy’s petition, appointed him temporary guardian of the decedent, pending a hearing on whether a permanent guardian should be appointed.*
Shortly after arriving in New York, the decedent was hospitalized for surgery for a blood clot on his leg. Ms. Argentina’s daughter had a petition prepared for the appointment of a guardian of Mr. De Maio. Meanwhile, Ms. Wahl (the Arizona attorney who drafted the 2005 will) was served with a petition demanding that she deliver the decedent to Arizona. In response to the turnover petition, the decedent submitted an affidavit, dated October 25, 2005, stating that he was domiciled in Brooklyn and listing Ms. Argentina’s address as his domicile.
The Mental Hygiene Law article 81 petition was filed on October 27, 2005 in Supreme Court, Kings County. A court evaluator was appointed and interviewed the decedent. The decedent died on December 4, 2005, before either proceeding could be concluded.
According to the affidavit in support of petitioner’s motion, the petitioner’s attorney filed a petition to probate the 2005 will, accompanied by a check for $1,250, on December 6, 2005. The petition stated that the decedent was domiciled in New York. The probate clerk accepted the petition and filing fee and made an entry in the minute book. No file number was issued, pending review of the petition. On December 8, 2005, the attorney was notified in writing that the petition was not accepted for filing because there was insufficient proof of New York domicile. The check for the filing fee was also returned on the ground that the check had alterations. On December 14, 2005, the attorney submitted a replacement check for the filing, *193 a copy of the decedent’s affidavit of domicile filed in the Arizona conservatorship proceeding, stating that his domicile was 2418 Cortelyou Street, Brooklyn, New York, and an attorney’s affirmation on domicile.
On December 16, 2005, Andy Ferguson filed a petition to probate the 2004 instrument in the Maricopa County Court of Arizona, claiming that the decedent was domiciled in Arizona. On December 20, 2005, the attorney’s affirmation on domicile was rejected because it was based upon information and belief. On January 23, 2006, petitioner filed a copy of the court evaluator’s report, stating that the decedent told the evaluator that he was happy to be back in New York and did not want to return to Phoenix, Arizona. On January 31, 2006, the probate clerk issued a file number for the probate proceeding.
On February 1, 2006, Andy Ferguson filed objections to probate of the 2005 instruments. The objections deny that the will was executed in accordance with the formalities of law, that the decedent lacked testamentary capacity, that the will was executed by mistake and that the execution was not freely made but the result of undue influence, duress and fraud. In addition, the objections claimed that there was a prior proceeding pending in Arizona to probate the 2004 will and that this court lacks subject matter jurisdiction.
Petitioner moved for preliminary letters testamentary and a determination on the petition to probate the 2005 will filed in the Surrogate’s Court of Kings County on December 6, 2005. Andy filed an affidavit in opposition which claims that the court should dismiss the motion (and presumably, the proceeding) on the grounds that (1) this court lacks subject matter jurisdiction (CPLR 3211 [a] [2]), and (2) there is a prior pending proceeding in Arizona (CPLR 3211 [a] [4]).
CPLR 3211 (a) (4) provides that a party may move for a judgment dismissing one or more causes of action against him on the ground that there is another action pending between the same parties for the same cause of action in a court of any state or the United States. The court need not dismiss upon this ground but may make such order as justice requires.
In Surrogate’s Court, all proceedings are special proceedings commenced by the filing of a petition (SCPA 203; Estate of Santarpia, NYLJ, Dec. 30, 1993, at 34, col 4 [Sur Ct, Bronx County]). In addition, SCPA 301 (a) provides that a proceeding is commenced with the filing of a petition, provided process is issued and service on all respondents is completed within 120 days *194 (SCPA 301 [a]). While SCPA 301 expressly provides that the date a petition is filed is used for purposes of statute of limitations questions, the date a petition was filed has been used to determine when a proceeding was commenced in other situations (Estate of Madris, NYLJ, Mar. 13, 2000, at 25, col 6 [Sur Ct, NY County] [the date a petition to compel delivery of cooperative shares was filed was used to determine if a cross petition, which related back to the petition, was timely]; Estate of Yearwood, NYLJ, Mar. 8, 1995, at 27, col 2 [Sur Ct, Bronx County] [the date the petition was filed determined whether a petition for an extension of time to file a notice of election was timely]).
In the instant case, the petition was filed on December 6, 2005. Papers are filed upon their physical receipt by the court clerk. The clerk accepted the petition but did not issue a file number or record its filing until a supplemental affidavit of domicile was filed. Petitioner submitted a supplemental affirmation of domicile on December 14, 2005, but it was rejected by the clerk because it was executed by the petitioner’s attorney upon information and belief. It was not until the petitioner filed a copy of the report of the court evaluator that the petition was accepted and a file number issued. By then, objectant had initiated a probate proceeding in Arizona.
Whether the Arizona proceeding was filed first depends on whether the New York proceeding was initiated upon filing the petition on December 6, 2005 or upon being accepted by the probate clerk on January 31, 2006. This, in turn, depends on whether the requirement that petitioner establish domicile by the supplemental documents was jurisdictional. The analysis starts with the fact that the petition filed on December 6, 2005 conformed to the requirements of the SCPA and was in proper form (SCPA 304; 22 NYCRR 207.16). The allegations in the verified petition are prima facie proof of the facts asserted until denied by an answer, objection or other proof (SCPA 509). Therefore, for purposes of obtaining subject matter jurisdiction, the allegation that the decedent was domiciled in New York creates a prima facie showing of subject matter jurisdiction, subject, of course, to rebuttal.
This result is not affected by the fact that the probate clerk required a supplemental proof of domicile. Whatever the basis for the requirement of additional proof of domicile, furnishing such proof is not required by the SCPA or CPLR. Therefore, the requirement is not jurisdictional and does not affect the filing date (Sharratt v Hickey, 298 AD2d 956 [4th Dept 2002]; Soto v *195 Freda, 196 Misc 2d 623 [Sup Ct, NY County 2003]). “ ‘The CPLR [or, in this case, the SCPA] takes precedence over [local] rules’ ” (Kromanik v Twiss, 44 Misc 2d 627, 627 [Sup Ct, Bronx County 1964]).
However, the failure to tender the filing fee in proper form may be a jurisdictional defect.
The CPLR expressly provides that filing must be accompanied by the appropriate filing fee. The Court of Appeals has indicated, albeit in dicta, that the payment of a filing fee under the CPLR is jurisdictional in Matter of Fry v Village of Tarrytown (89 NY2d 714, 719 [1997]). There appears to be split among the departments of the Appellate Division on the issue, with a majority holding that the tender of the filing fee is jurisdictional, so that the failure to pay the required fee renders the filing fatally defective (Mandel v Waltco Truck Equip. Co., 243 AD2d 542 [2d Dept 1997]; Matter of Vetrone v Mackin, 216 AD2d 839 [3d Dept 1995]; but see Rybka v New York City Health & Hosps. Corp., 263 AD2d 403 [1st Dept 1999]).
SCPA 301 has no corresponding provision. The SCPA does provide that, upon filing a petition for probate, the clerk shall charge and receive a fee (SCPA 2401 [2]) as determined in SCPA 2402. Upon receiving the petition and fee, the clerk accepts the papers for filing and issues a file number (see 22 NYCRR 207.4 [a]). Therefore, it is not clear whether the tender of the filing fee is jurisdictional. In Matter of Martin (244 App Div 647 [1st Dept 1935]), the Court held that the failure to pay the required recording fee did not render the filing of a notice of election untimely.
In the instant case, the court need not determine whether the improper tender rendered the filing void. A replacement check was accepted on December 14, 2005. This cured the defect. Using either date, December 8, 2005 or December 14, 2005, the New York proceeding was filed before the filing of the probate petition in Arizona on December 16, 2005. Based on the above, the court determines that the New York probate proceeding was initiated by December 14, 2005. Accordingly, objectant’s application to dismiss this proceeding on the ground that there was a prior proceeding pending in Arizona is denied.
The claim that this court lacks subject matter jurisdiction depends on whether the decedent established domicile here. This requires a hearing. Since the probate proceeding in New York was filed first, principles of orderly administration of justice and conservation of judicial resources mandate that the *196 New York court should hold the hearing on domicile. In Matter of Margolin (129 Misc 2d 735 [Sur Ct, NY County 1985]), Surrogate Roth held that, where the issue was venue between two counties, the orderly administration of justice dictated that the court in which a proceeding was first commenced should determine the issue of domicile.
This rationale was adopted for competing state proceedings in Estate of Williams (NYLJ, May 10, 1991, at 25, col 3 [Sur Ct, Bronx County]) and later cases that have confronted competing state claims (see Matter of Depo, NYLJ, Apr. 9, 1996, at 27, col 3 [Sur Ct, NY County]; Estate of Hardtner, NYLJ, Jan. 28, 1997, at 28, col 5 [Sur Ct, NY County]). Since the probate proceeding in New York was filed before the one in Arizona, this court should hear and determine the decedent’s domicile. Accordingly, the application to dismiss the proceeding on the ground of lack of subject matter jurisdiction is held in abeyance pending a determination of domicile.

 The hearing was originally scheduled for October 27, 2005. It was adjourned to November 11, 2005 and, later, to January 11, 2006.