In the Matter of the Probate of the Paper Propounded as the Last Will and Testament of EMMA B. JOHNSON, Deceased.

NORMA DARE OWEN and GEORGE R. DARE, Appellants; NORMAN W. ROE, as Executor, etc., of EMMA B. JOHNSON, Deceased, INDUSTRIAL HOME FOR THE BLIND, THE LONG ISLAND COLLEGE HOSPITAL OF BROOKLYN, SAINT FAITH'S HOUSE, and GEORGE HENRY PAYNE, Temporary Administrator, etc., Respondents.

Second Department, April 8, 1940.

*Neil P. Cullom* [*Frederick M. Schlater* with him on the brief], for the appellants.

*John R. Vunk* [*George H. Carleton* and *Harold Ashare* with him on the brief], for the respondent Norman W. Roe.

*Archibald R. Watson* [*Stewart W. Bowers* with him on the brief], for the respondent George Henry Payne, temporary administrator.

*Gerald Fitzgerald* [*Robert H. Wilson, Jr.*, and *Edward I. Devlin, Jr.*, with him on the brief], for the respondents Industrial Home for the Blind, The Long Island College Hospital and Saint Faith's House.

CLOSE, J. It is conceded that until May, 1933, the decedent was domiciled in New York county and had been so domiciled since about 1920. Once a domicile is established, it continues until superseded by a new domicile. (Restatement, Conflict of Laws, § 23.) In order to effect a change there must have been proof that the decedent had freely chosen another domicile and that this choice was followed by physical presence at a dwelling place and the intention to make it a home. There must be concurrence of the fact and the intent, the *factum* and the *animus*. (*Gilbert* v. *David*, 235 U. S. 561.) There is insufficient evidence in this record to establish that the decedent ever acquired a domicile in Patchogue. The address claimed by the respondents to be that of the decedent was a vacated house formerly occupied by her mother and of which the deceased was a partial owner. In face of the uncontradicted evidence of her many declarations of her dislike for Patchogue and her often expressed intention never to return there to live, her use of the address of the vacated house that was listed for sale, as her home address, as found in her applications for automobile licenses, and for income tax reports, must be found to have been a convenience only and not conclusive of a *bona fide* intention to change her domicile from New York county. In addition, in December, 1936, she executed her holographic will and in that solemn instrument twice declared that she was a resident of the city and county of New York. At the request of the decedent, this will was examined late in 1937 by Mr. Carleton, her attorney, who was a resident of Suffolk county, and she was informed by him that the will was in proper order and that no changes were necessary. The preponderance of the evidence establishes that after May, 1933, she selected no new domicile, that she was a bird of passage, a traveler who had not as yet at the time of her death selected a new domicile by choice and, meanwhile, her old domicile continued.

The order of the Surrogate's Court of Suffolk county dismissing the objections to jurisdiction raised by the appellants Norma Dare Owen and George R. Dare, finding that the decedent Emma B. Johnson was domiciled in and a resident of Suffolk county at the time of her death, and decreeing that the Surrogate's Court of Suffolk county had jurisdiction to take proof in proceedings to probate a paper propounded as the last will and testament of said Emma B. Johnson, deceased, should be reversed upon the law and

the facts and the petition for probate should be dismissed, with costs to all parties filing briefs, payable out of the estate.

An order should be made sustaining the objections to jurisdiction entered by the appellants and finding that the deceased was at the time of her death a resident of the city and county of New York.

The appeal from the intermediate order should be dismissed.

CARSWELL, JOHNSTON and ADEL, JJ., concur; LAZANSKY, P. J., concurs to the extent that it is held that the Surrogate's Court of Suffolk county is without jurisdiction.

Order of the Surrogate's Court of Suffolk county dismissing the objections to probate raised by appellants, etc., reversed on the law and the facts and the petition for probate dismissed, with costs to all parties filing briefs, payable out of the estate.

An order will be made sustaining the objections to jurisdiction entered by the appellants and finding that the deceased was at the time of her death a resident of the city and county of New York.

The appeal from the intermediate order is dismissed.

Settle order on notice.