Thomas J. O’Donnell, S.
On the return day of the citation in the probate proceeding of the will of Martin W. Schomers, counsel for the sole distributee appeared specially to contest the jurisdiction of this court on the ground that the decedent had died a resident of Niagara County and not of Erie County, as alleged in the petition.
The testimony in this matter was taken before Hymjan C. Davidoff, Clerk of the court, as directed by the Surrogate, pur *283 suant to subdivision 10 of section 32 of the Surrogate’s Court Act and the same was reported to the Surrogate, who approved the rulings therein made.
The hearing developed the following factual situation: Martin W. Schomers was born and raised in Niagara County, in the City of Lockport, and lived there until the family home was sold in 1957, then in the City of Niagara Falls until his admission into the Veterans’ Administration Hospital on March 2, 1959, where he remained until his death on January 30, 1960. (The application for admission to that institution recited his address as 2411 Weston Ave., Niagara Falls, N. Y.)
On August 19,1959 decedent executed his will which bore the recitation that he was “ of the City of Buffalo in the County of Erie and State of New York.” This statement is rebuttable and decedent’s intention as to his domicile is to be determined by his acts and declarations.
The burden of establishing the testator’s intent to abandon his old domicile and to acquire a new one is upon the proponent and this burden must be proved by a fair preponderance of the evidence. (Matter of Webber, 187 Misc. 674; Matter of Sorrentino, 71 N. Y. S. 2d 451.) “ The law of domicile is clear and definite. A person can have but one domicile at any given time. Every one acquires a domicile of origin at birth, which continues until effectively changed. A domicile once acquired continues until there has been not only an abandonment of the old domicile, but the acquisition of a new one. There must be not only the physical change of residence, but an intent not only to abandon the old but to acquire a new domicile. The one who asserts, or would benefit by an alleged change of domicile has the burden of establishing it. See Crawford v. Wilson, 4 Barb. 504; Dupuy v. Wertz, 53 N. Y. 556, and Matter of Newcomb, 192 N. Y. 238, 84 N. E. 950. Matter of Webber’s Will, 187 Misc. 674, 64 N. Y. S. 2d 281.” (Matter of Sorrentino, 71 N. Y. S. 2d 451, 452.)
In support of proponent’s position, testimony was offered to show an Erie County address on his 1959 and 1960 auto registration, bank accounts, and statements that other property of the decedent also had an Erie County situs.
Respondent likewise introduced evidence showing that certain papers, including the application to the Veterans’ Administration Hospital, the death certificate and insurance policies bore a Niagara County address.
Proponent’s proof tends to theorize that Getzville, New York, was decedent’s intended new domicile, as this was the address shown on his exhibits. However, contrarily, counsel’s testimony *284 indicated that the decedent considered the V. A. Hospital to be his home and that he expected to be there for an indefinite period of time. Even though it was stated that the decedent had mentioned that his former address was in Niagara Falls and that he had given up his home, no testimony whatsoever was produced to show decedent’s intention of establishing any new or definite domicile. Certainly no domicile is acquired by his temporary residence in a hospital.
It is significant that this whole matter could have very easily been determined by the direct question of the attorney, the framer of the will, as to decedent’s intention. Not having been ascertained, it would appear that the presumption remains that the old domicile was not changed to a new and definite one. The court accordingly determines that the proceeding for probate of the will should rightfully be conducted in Niagara County. Submit order in accordance with this decision.