Van Voorhis, J.
The Government of British Honduras, a Crown Colony of Great Britain, standing in treaty relations with the United States in all that concerns the right of disposing of every kind of property, real or personal, has moved to intervene specially in proceedings pending in the Surrogate’s Court of New York County for the probate of an alleged last will and testament dated November 12, 1955. Domiciled in British Honduras, the testator left a sizable estate claimed to be situated partly there, and partly in the States of New York, Illinois and in the Province of Quebec, Canada. His descendants are all illegitimates domiciled like himself in British Honduras. There appear to be no New York State creditors. The sole interest or power of New York State in or over the administra *314 tion of his estate stems from the circumstance that stock certificates in 50 corporations were discovered in New York City as well as several bank or brokerage accounts also belonging to him at the time of his death. Both New York State and the (Government of British Honduras are seeking to recover on the basis that there are no known heirs entitled to inherit in intestacy.
The decedent left a will purporting to have been executed May 10, 1918, which was ordered by the Supreme Court of British Honduras on December 7, 1955 to “be admitted to probate without the erasures and interlineations thereto until a later will be found ’ ’ and letters of administration with the will annexed were issued “ for a period of twelve months or until a later will is found which ever event shall first occur ” upon the giving of a bond. These letters have been extended and continue in force and effect.
Thereafter an action was brought in the Supreme Court- of British Honduras, Probate Side, to have the 1918 will revoked and to probate the said alleged will of November 12, 1955 as a lost or destroyed testament.
The trial of that action was conducted in that British Crown Colony during more than 18 consecutive trial days and at least 14 witnesses testified, all of them residents of British Honduras, and its decision appears to have been delayed by the proponents of the 1955 document by appealing to the Privy Council in London, England, from an intermediate order to take the deposition of the former Registrar (General now living in Vancouver, British Columbia. A petition for ancillary letters of administration by the administrators with the 1918 will annexed is pending undetermined. Under section 159 of the Surrogate’s Court Act, the Surrogate must issue ancillary letters where a will of a person who resided without the State has been established in a foreign country. Temporary letters of administration have been issued in a separate proceeding to the Public Administrator of the County of New York. Notwithstanding the foregoing, the Surrogate in New York County elected to assume jurisdiction to probate the 1955 will and appointed a special guardian for infant legatees, and successive special guardians for unknown infants and incompetents, who, if they exist, are probably in British Honduras.
*315 Invoking the rule that comity among free nations has long required that, in the orderly administration of the estate of a foreigner who dies owning personal property both at home and abroad, recognition be given to the fact that there is but one estate and that primary probate or administration proceedings should be undertaken by the appropriate court of the decedent’s domicile, all other proceedings being ancillary thereto (Parsons v. Lyman, 20 N. Y. 103, 119-121; Matter of Fitch, 160 N. Y. 87), and that, ‘ ' Where such a will has already been probated in the foreign country it may not be proved in an independent proceeding here ” (Matter of Connell, 221 N. Y. 190, 194; Matter of Cornell, 267 N. Y. 456, 463), the Government of British Honduras contends that the 1918 will having been admitted to probate in that jurisdiction subject to a later will being established, and in view of the action which has been tried and is now pending undetermined there to revoke it and to establish the 1955 will, the New York courts lack jurisdiction and that it is at least an abuse of discretion for them to undertake to probate the 1955 alleged will and thereby to decide an issue over which the court of the country of domicile has already assumed jurisdiction (cf. Matter of Lamborn, 168 Misc. 504, affd. 255 App. Div. 755, affd. 280 N. Y. 504, where Surrogate Foley declined jurisdiction under less compelling circumstances).
The theory under which British Honduras claims to be interested is apparently that the 1918 will was revoked by the execution of the alleged 1955 will, and that the latter has not come to light for the reason that it was revoked and destroyed during the lifetime of the testator without reviving the first will (Decedent Estate Law, § 41; Matter of Christesen, 277 App. Div. 893) or that British Honduras is entitled to any assets undisposed of under the 1918 will by its oavh statute for the benefit of dependents of the decedent and by existing treaties.
Section 147 of the Surrogate’s Court Act permits any person to file objections to the probate of a Avill Avho is “ interested in the event as devisee, legatee or otherwise ”. This accords Avith the more general right to intervene established by section 193-b of the Civil Practice Act. That Avould include the Government of British Honduras which claims the assets in this estate wherever situated under its statute entitling it to recover in event of intestacy in default of lawful distributees, and *316 enabling it to use these to ‘ ‘ provide, in accordance with the existing practice, for dependents, whether kindred or not, of the intestate, and other persons for whom the intestate might reasonably have been expected to make provision.” At this stage we are not called upon to determine whether the Surrogate lacked jurisdiction to entertain proceedings for the probate of decedent’s 1955 will, nor to decide whether, in case probate fails and in default of lawful distributees, the Government of British Honduras or the State of New York would be entitled to whatever personal property has a situs in New York. Neither do we now rule upon what effect probate of either will in British Honduras may or would have in New York, nor the effect in British Honduras of the probate of this will in New York State. It is sufficient that the rights of British Honduras may be affected if the will is probated in New York. The principles on which interested persons are permitted to intervene are sufficiently broad to include the Government of British Honduras as well as the Attorney-General of the State of New York (Matter of Davis, 182 N. Y. 468). Both are claiming assets of the decedent in case of intestacy. Each is entitled to be heard and to participate in this litigation. There is no reason on account of which the Attorney-General should be a party to the litigation while the Government of British Honduras, where the decedent was and all of his descendants and beneficiaries are domiciled, should be excluded. We decide no other question than that it should be permitted to intervene.
The order appealed from should be reversed insofar as appealed from, the question certified answered in the negative and the application of the Government of British Honduras to intervene in the proceedings now pending in the Surrogate’s Court of New York County granted, with costs in all courts.