Henry Q-. Herman, S.
The sole question litigated and presented for determination is whether at the time of his death the decedent was domiciled in this State or in the Commonwealth of Massachusetts.
The evidence at the hearing disclosed the following facts: The decedent was born at Brooklyn, New York in 1889; was graduated from public school there in 1904, and married there in 1912. From 1929 to 1954 decedent and his wife resided at Hawthorne Way, Hartsdale, Westchester County, New York; in 1954 they moved to an apartment at 170 East Hartsdale Avenue, Hartsdale, and subsequently, to 55 Kingston Avenue, Yonkers, New York. The decedent purchased a house and considerable acreage at ITousatonic, Massachusetts in 1952 and thereafter proceeded to make the same more habitable during the following years by installing electricity, telephone service and other conveniences; decedent spent considerable time there during 1958, 1959 and 1960. Both the decedent’s wife and decedent died in Massachusetts in 1960, approximately a month apart.
The evidence at the hearing brought out in addition that the car driven by the decedent in 1960 had New York plates, his driver’s license was issued in New York and would not have expired until September, 1961, and a note in the glove compartment indicated that in case of emergency his address was in Westchester. The decedent had stated to the undertaker in Massachusetts who took charge of his wife’s remains, approximately six weeks before his own death, that his wife’s address was in Westchester County. Decedent maintained bank accounts there and wrote on a withdrawal slip a few weeks before his death, and shortly after his wife’s death, that his residence was in Westchester. The coexecutor-trustee named in the codicil to his will is a trust company in Westchester. Both the decedent and his wife were buried from Westchester and the decedent, upon the occasion of his wife’s death, stated to the cemetery officials that he resided there.
The decedent’s will of April 23,1947 was properly executed in New York; the codicil of September 7, 1960 was signed in Massachusetts before two witnesses, although the statutes there required three witnesses. Therein lies the attack as to domicile; if the decedent was domiciled in Massachusetts, the codicil would fail and the will which left all the decedent’s property to his wife who predeceased him within a few weeks would also fall resulting in an intestacy that would benefit the contestants herein.
*1043 Domicile is a question of fact and not of law (Rubin v. Irving Trust Co., 305 N. Y. 288, 306). Once domicile exists it continues until not only is there a physical change of residence but additionally the intent to abandon the old domicile and acquire a new one (Dupuy v. Wurtz, 53 N. Y. 556; Matter of Newcomb, 192 N. Y. 238; Matter of Johnson, 259 App. Div. 290, affd. 284 N. Y. 733). One who asserts, or who would benefit by, a claimed change of residence has the burden of establishing it (Matter of Benjamin, 176 Misc. 518, 533, affd. 263 App. Div. 981, affd. 289 N. Y. 554; Matter of Schomers, 23 Misc 2d 282).
The objectants have failed to sustain the burden imposed upon them by law to establish a change of domicile from the State of New York and the County of Westchester to the Commonwealth of Massachusetts and the court finds that at the date of death the decedent was domiciled in the State of New York.