In the Matter of BRIAN D. STARER, Petitioner, v NORMAN F. GALLMAN et al., Constituting the New York State Tax Commission, Respondents.

Third Department, December 23, 1975

*Brian D. Starer,* petitioner *pro se.*

*Louis J. Lefkowitz, Attorney-General (Thomas P. Zolezzi* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, P. J. Petitioner, born and raised in New York State, entered the United States Merchant Marine Academy at Kings Point, New York upon his graduation from high school in 1963. During the three and one-half years of his schooling at the Academy, petitioner was supported entirely by the Federal Government, and received no support from his parents. On February 10, 1967 petitioner graduated from the Academy, and on February 19 he reported for duty with the American Export Isbrandtsen Lines, Inc., for whom he had on February 8 contracted to work. Between February 10 and February 19 petitioner visited friends in Pennsylvania and his parents in Utica, New York, although Isbrandtsen first paid him on February 8 for the latter part of January.

Petitioner was assigned by Isbrandtsen to the S. S. Export Ambassador, out of the port of Hoboken, New Jersey. During the entire year 1967 he lived on board, even when the ship was in port. He joined a union in Hoboken, and rented a post-office box and opened a bank account there. Petitioner was married on December 30, 1967 and his wife thereafter lived in Utica although petitioner apparently continued to be assigned to Hoboken, at least during the early part of 1968.

In November, 1969 New York State issued a notice of deficiency against petitioner for the year 1967 in the amount of $1,127.26, including $209.30 in penalties. Petitioner re-

quested a hearing, which was held on December 9, 1970. He was the only witness and his testimony was not impeached on cross-examination. By decision dated July 9, 1971, the State Tax Commission upheld the deficiency, holding that petitioner's "domicile and residence continued in New York State during the taxable year of 1967". The commission canceled the penalties, however, holding that petitioner did not file a return because of good faith and reasonable reliance upon statements by tax officials that none was required. Petitioner then instituted this proceeding for a review of that determination.

According to sections 601 and 611 of the Tax Law, a tax is levied on the income of all New York State residents. Section 605 of the Tax Law defines a "resident", *inter alia,* as one "who is domiciled in this state, unless he maintains no permanent place of abode in this state, maintains a permanent place of abode elsewhere, and spends in the aggregate not more than thirty days of the taxable year in this state".

The petitioner raises many issues upon this proceeding which primarily are factual and the record contains substantial evidence to support the respondents' determination thereof. The question of domicile, however, requires further examination.

There can be no question that the petitioner was domiciled in New York State through February 10, 1967 when he left the Merchant Marine Academy. (See *Matter of Newcomb,* 192 NY 238, 250.) The substantive issue is whether or not the acts and conduct of the petitioner in regard to New Jersey after February 10, 1967 were of such a nature as to show an unequivocal intent to change his domicile to New Jersey. More precisely, the issue is whether or not the record contains substantial evidence to support the finding of the respondent that the petitioner's domicile did not change from New York State in the year 1967.

As noted in *Matter of Newcomb (supra,* pp 250–252) a domicile may be changed simply by acquiring a new residence in a different State and having the intent that such residence be a domicile. As opposed to the situation confronting a trier of facts in cases where the question is the domicile of a deceased person (see, e.g., *Matter of Johnson,* 259 App Div 290, affd 284 NY 733), the petitioner herein testified that when he accepted employment with the New Jersey based

employer he intended to make his home there and not to have a New York home. His ship was based at Hoboken, New Jersey and he lived on board when it returned to home port. Consistent with living in New Jersey he joined a union there and obtained a post office address and bank account in Hoboken. He did not vote in New York State in 1967 and it is undisputed that he attempted to vote in Hoboken but could not meet the one-year residence requirement then in effect. The respondent notes that the petitioner married on December 30, 1967 and that his wife thereafter lived in New York, but that fact has absolutely no relevance to the petitioner's domicile in 1967.

The question is not whether petitioner intended to leave New York forever and set upon a seagoing career, but whether he intended to settle down in Hoboken, to make that city his "permanent home * * * with the range of sentiment, feeling and permanent association with it." *(Matter of Bourne,* 181 Misc 238, 246, affd 267 App Div 876, affd 293 NY 785.) It is the latter intent which is necessary to effect a change in domicile *(Matter of Johnson,* 259 App Div 290, affd 284 NY 733, *supra; Bean v Bean,* 95 NYS2d 477, 489–490). Petitioner's stateroom on the S. S. Export Ambassador can hardly, either in law or in logic, be considered a residence in Hoboken, nor do we consider the other evidence offered by petitioner as to a change of domicile sufficient to change his last previous domicile, which in this instance is New York State.

Domicile itself provides a basis for taxation, and presence within the State of a domiciliary is not necessary in order to tax him *(Milliken v Meyer,* 311 US 457, 463–464; *Lawrence v State Tax Comm.,* 286 US 276; *New York ex rel. Cohn v Graves,* 300 US 308).

The facts are substantially undisputed and we are unable to say, as a matter of law, that the determination of the State Tax Commission does not find support in the record. The petitioner has failed to sustain the burden of proof.

The determination should be confirmed, and the petition dismissed, without costs.

KANE, KOREMAN, MAIN and REYNOLDS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.