OPINION OF THE COURT
William C. Barrett, J.
Petitioner seeks unlimited letters of administration of the estate of a Florida domiciliary who died January 2, 1984 from injuries sustained in a motor vehicle accident which occurred in Pennsylvania on January 1, 1984. Petitioner intends to pursue a wrongful death action on behalf of the decedent and claims as a jurisdictional basis personal property consisting of a necklace and other jewelry not exceeding $500 in value which have come into this county, and no other, since decedent’s death and which remain unadministered. The court declines to assume jurisdiction.
SCPA 206 (subd 2, pars [b], [c]) provides that the Surrogate’s Court of each county has exclusive jurisdiction over the estate of any nondomiciliary of the State who “left personal property which since his death * * * has come into that county and no other and remains unadministered, or * * * left a cause of action against a domiciliary of that county for damages for the wrongful death of the decedent and who left no property in any other county.”
Decedent, her husband, and two of their children had left petitioner’s residence in Tompkins County following a holiday visit to return to their Florida home when the accident occurred. Decedent’s husband was in a coma for *465 several weeks following the accident and is still undergoing rehabilitative therapy. Decedent’s 13-year-old child now resides with petitioner, the sister of the child’s father — her aunt, who was appointed guardian of the child’s person and property, on May 1, 1984. Two other surviving adult children are domiciled at a college in Virginia. All consent to this petition.
The necklace and other items of jewelry of the deceased are said to have been “returned to the petitioner’s household in the ordinary course of events.” (Correspondence from petitioner’s attorney dated May 16, 1984.)
The cause of action alleged to exist on behalf of the decedent is described in the petition only as a “[pjossible wrongful death claim arising out of fatal automobile accident of January 1, 1984.” For the purpose of conferring jurisdiction upon this court, that wrongful death action must be against a domiciliary of this county, or if other than a natural person, such domiciliary must have its principal office in this county. (SCPA 208.) If facts sufficient to show the wrongful death action as a jurisdictional predicate were alleged in this petition, limited letters would issue.
“Property brought into the State for collusive purposes, or temporarily, after the owner’s death, does not confer jurisdiction to grant administration thereon.” (Woerner, American Law of Administration [2d ed], at p (star) 442, cited approvingly by the Court of Appeals in Hoes v New York, New Haven & Hartford R. R. Co., 173 NY 435, 442-443, and followed in Matter of De Camillis, 66 Misc 2d 882, affd 38 AD2d 687.) While there is no finding that this property was brought into the State fraudulently, or collusively, or for the avowed purpose of securing a resident plaintiff to bring the wrongful death action, the property can at best be said to be here only temporarily and without any “due course of business” reason for being in the household of petitioner. {Hoes, supra, p 442.) The property could simply be returned to Florida where presumably the bulk of decedent’s assets are located. This court finds that the jewelry of the decedent is in this county only temporarily and on a transient basis following the fatal accident and should not be considered as a sufficient jurisdictional pred *466 icate for this petition. (Pietraroia v New Jersey & Hudson Riv. Ry. & Ferry Co., 131 App Div 829, affd 197 NY 434; Matter of McCabe, 84 App Div 145, affd 177 NY 584; cf. Matter of Hughes, 95 NY 55.)
The petition is dismissed.