OPINION OF THE COURT
C. Raymond Radican, J.
This is a motion to dismiss the probate proceedings on the ground that the decedent died domiciled in Bronx County and not in Nassau County.
The decedent died on July 16, 1983, survived by several children, one of whom receives less than his distributive share under the propounded will. The probate petition was filed September 8, 1983, and jurisdiction was complete by November 9, 1983. Preliminary letters were issued to the nominated fiduciary on consent on December 14, 1983. Objections were filed by the partially disinherited son on January 3,1984. Examinations before trial were complete on February 6, 1984. Approximately 10 months after filing objections, the partially disinherited son moves to dismiss the petition on the ground that the decedent was not domiciled in Nassau County.
Under the prior provisions of SCPA-article 2, jurisdiction over domiciliaries of the State of New York rested solely with the county where the decedent died domiciled. Surrogate Bennett in Matter of Coletti (91 Misc 2d 7) requested that the Legislature consider amending SCPA article 2 because the statute as it existed at that time was rigid in that the Surrogate had no alternative but to dismiss a proceeding if he lacked jurisdiction because the decedent was not domiciled within his county.
*299 It was suggested that the Surrogates be given State-wide jurisdiction over all domiciliaries but that there be a strong venue statute so as to provide that proceedings should be brought within the county where a domiciliary of the State of New York died domiciled; but at the same time rather than have a Surrogate dismiss a proceeding because of lack of jurisdiction he be permitted to transfer a proceeding to a proper county. This procedure would not cause a delay in the proceedings because all that which has already transpired within the county where the proceeding was initially brought would be picked up when the matter is transferred to a new county. There would be no need of starting a brand new proceeding and the payment of new filing fees.
Under the practice in other courts, CPLR 511 provides that a challenge as to venue should be made either in the answer or before the answer is served if the challenge has to do with a change of venue on the ground that the county designated is not the proper county. Provisions of CPLR apply to Surrogate practice only if there are no other statutory provisions set forth in the SCPA (SCPA 102). This court is mindful of the discussions concerning proposed legislation that was suggested after Surrogate Bennett released his Coletti decision (supra). Initially the Surrogate’s association was opposed to some of the legislation that was discussed concerning the change of domicile to venue because the Surrogates were anxious about the possibility of “forum shopping” by petitioners.
The Surrogate’s association construed the Coletti decision (supra) as a request to ease the transfer of proceedings rather than calling for adherence to the practice under CPLR. The Surrogate’s association wished to eliminate the need of dismissing proceedings when it found that a decedent did not die domiciled within their county and wished to expedite a means of transfer of the proceedings to the proper county. The legislative memo to the act amending SCPA 205 clearly indicates the position of the Surrogate’s association that the intent of the statute was to continue the practice of the past but at the same time to permit an expeditious transfer.
SCPA 205 (subd 2) clearly indicates that either the Surrogate on his own motion or on the motion of any party shall transfer the proceedings if it belongs in another county. Ordinarily “shall” means “must” (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 177). Accordingly, this court finds that the time limitations found under CPLR 511 within which to raise a venue question are not applicable but that the court may make a *300 determination at any time prior to the decree as to whether a proceeding should be transferred or not within the confines of SCPA 205.
Accordingly the court denies the application to dismiss the proceedings but will hold a hearing on domicile to determine whether the court should retain jurisdiction of these proceedings or transfer them to Bronx County or any other county within the State of New York where the proceedings should have been commenced initially.
This matter will appear on the court’s calendar for a trial on January 3, 1985, at 9:30 a.m.